To THE PETITION OF APPELLANT’S COUNSEL FOK A REHEARING
JUDGE HINES
DELIVERED THE FOLLOWING RESPONSE OF THE COURT:
It is earnestly insisted, in the petition for rehearing, that the case of Shirleys v. Taylor’s heirs, 5 B. Mon. 103, is directly *408 in conflict with the views expressed in the opinion herein. In this we think counsel is in error. There the attention of the court was directed rather to the weight to be given to the opinions of the witnesses, as to the sanity of Taylor, than to the competency of the statements as evidence. The court was passing upon the question whether the evidence was sufficient to justify the conclusion that Taylor was insane at the date of the judgment or of the execution of the replevin-bond. The only evidence offered was an inquest of lunacy found subsequent to the execution of the bond and the statements of these witnesses. As to the inquisition the court say, “It furnishes no evidence that he was a lunatic, or of unsound mind, when the judgment was rendered or at the taking of the replevin-bond.” The first witness whose statement is considered by the court says that Taylor was of unsound mind at the time of the rendition of the judgment and at the time of the execution of the replevin - bpnd, but does not state that he knew Taylor or that he had ever had any opportunity, from association or otherwise, to form an opinion. Of this witness the court say, “We think his testimony entitled to very little, if any, consideration” The second witness says he knew Taylor intimately, from 1808 to 1819, and that he resigned his office as receiver of public moneys in consequence of mental derangement. The evidence of the third witness is that Taylor resigned the office of receiver, etc., in consequence of unsoundness of mind or incompetency to attend to the business of the office, and that he continued to grow worse and less able to attend to business until an inquest was held and he was found to be of unsound mind.
It will be seen that only one of the three witnesses stated that he was acquainted with Taylor or had any opportunity to observe whether he was of sound mind, and that witness did not express an opinion as to his sanity. He simply stated that Taylor resigned, etc., “ on account of unsoundness of mind.” *409 Of this evidence the court say, “ No fact is stated by either of these witnesses in regard to the appearance, conduct, or acts of the deceased indicative of derangement. We are left wholly to conjecture as to thd manner in which his mind was affected, whether merely enfeebled by age or disease, or whether the affection amounted to a positive derangement, . . .We think it may be fairly inferred that his intellect was enfeebled, and the loss or decay of it progressive. Such may have been the fact, and still he may have been competent for the transaction of ordinary business which reqtíired but little mental effort. . . . It seems to us therefore that the complainants have not satisfactorily established that their ancestor was a lunatic at the date of the judgment on the replevin-bond.”
If it had been the opinion of the court that this evidence was not competent, it would have been said, as was said of the inquisition, that there was no evidence tending to show insanity. It can scarcely be concluded that the court, by passing upon the evidence and holding it insufficient to establish the fact of lunacy, thereby intended to hold that the evidence was incompetent and should not be considered at all. The fact is, the matter decided in the opinion on the case at bar was not presented or considered in that case, and it can not therefore be held authority upon this point. If it has any bearing whatever it is in favor of the position assumed herein. A decision is authority and to be regarded as law only in so far as it passes upon the questions actually presented and necessarily decided in the particular case;
It is further insisted that the court below erred in refusing to allow the witness, Dr. Allen, to give his professional opinion as to the sanity of appellant. The competency of this evidence was not considered in the opinion,- first, because the question was not suggested in the elaborately written brief of appellant’s counsel, nor in the oral argument by the same counsel; and secondly, because counsel did not preserve *410 the exception in such form that this court could consider it. The statement of the witness is that he had lived in Warsaw for twenty years, excepting about three^and a half years; that he had known appellant during that time, and never heard his sanity questioned; that he had practiced medicine eight years, and had no opinion; that appellant was very peculiar and eccentric ; that he had heard most of the evidence in the case— the important part of it. He was then asked, “ What is your professional opinion as to the sanity of Brown at the time he shot Snyder?” To this question an exception was taken and sustained, and this is the matter complained of.
It is manifest that the court should not have permitted the witness to express his “.professional opinion” when there was no hypothetical case or agreed state of facts submitted to him. He did not pretend even to have heard all the evidence in the case, and if he had he could not be allowed to give an opinion based upon that evidence alone. But if it be conceded, as we think it should be, that the witness had sufficient opportunity from acquaintance and association to render competent an opinion as to the sanity of appellant, yet we can not adjudge that the court erred in refusing to allow the question to be answered. It is an elementary and familiar principle that it must be made known to the court what response the witness is expected to make, or that it is hoped that he will make, before this court can say whether the court below erred in refusing to allow a question to be answered. (Tipper v. Commonwealth, 1 Met.; Bowler v. Lane, 3 Met.; Chrystal v. Commonwealth, 9 Bush; and Nichols v. Commonwealth, 11 Bush.)
Counsel further insists that, on original affidavits, not a part of the record, we shall direct an inquiry as to whether appellant has not become insane since the rendition of the verdict and the sentence of the court. It is only necessary to say that the only authority possessed by this court in such cases is to pass upon the questions of law, arising on the trial, *411 preserved and presented by bill of exceptions. Whatever may be said as to where the power exists, if at all, to grant relief in such cases, it is manifestly not in this court.
The other suggestions made in the petition for rehearing are sufficiently answered in the opinion.
The petition for rehearing is overruled.